1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ELIJAH LEE MILLER,                        No. 2:23-cv-00100-EFB (PC)

12              Plaintiff,

13       v.                                      ORDER AND FINDINGS AND
                                                 RECOMMENDATIONS
14    ANDREW MONTGOMERY, et al.,

15              Defendants.

16

17          Plaintiff Elijah Miller is a state prisoner proceeding without counsel in an action brought

18    under 42 U.S.C. § 1983.  He seeks leave to proceed in forma pauperis ("IFP").  *See* 28 U.S.C. §

19    1915(a).  For the reasons stated below, the court finds that plaintiff has not demonstrated that he

20    is eligible to proceed in forma pauperis.

21          A prisoner may not proceed in forma pauperis:

22          if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in
            any facility, brought an action or appeal in a court of the United States that was
23          dismissed on the grounds that it is frivolous, malicious, or fails to state a claim
            upon which relief may be granted, unless the prisoner is under imminent danger of
24          serious physical injury.

25

26    28 U.S.C. § 1915(g).  A review of court records reveals that plaintiff has been declared a three-

27    strikes litigant within the meaning § 1915(g).  *See* (1) *Miller v. California*, 2:21-cv-00650-JAM-

28    DMC (E.D. Cal.) (dismissed October 14, 2021 for failure to state a claim because of the rule

                                               1

announced in *Heck v. Humphrey*, 512 U.S. 477 (1994))[1]; (2) *Miller v. McTaggart*, 2:21-cv-01521-WBS-CKD (E.D. Cal.) (dismissed November 24, 2021 for failure to prosecute after plaintiff failed to file an amended complaint after dismissal for failure to state a claim); and (3) *Miller v. Moseley*, 2:21-cv-2252-TLN-KJN (E.D. Cal.) (dismissed June 3, 2022 for failure to prosecute after plaintiff failed to file an amended complaint after dismissal for failure to state a claim).[2]

The section 1915(g) exception applies if the complaint makes a plausible allegation that the prisoner faced "imminent danger of serious physical injury" at the time of filing.  28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007).  Plaintiff's complaint makes no such showing.  *See* ECF No. 1 (January 2023 complaint filed from San Quentin State Prison regarding "falsified documentation" at California Medical Facility in April 2020). Plaintiff's application for leave to proceed in forma pauperis must therefore be denied pursuant to § 1915(g).  Plaintiff must submit the appropriate filing fee in order to proceed with this action.

Accordingly, it is ORDERED that the Clerk of the Court randomly assign a United States District Judge to this action.

/////

/////

/////

/////

/////

---

[1] In *Heck*, the Supreme Court clarified that a dismissal pursuant to the rule announced therein was a denial of "the existence of a cause of action [under § 1983]." *Heck*, 512 U.S. at 489. Absent a cause of action, there is no claim upon which relief can be granted. Dismissals pursuant to *Heck*, therefore, can reasonably be interpreted as dismissals for failure to state a claim, and qualify as strikes under 1915(g). *Duncan v. Ramirez*, No. C 12-6251, 2013 U.S. Dist. LEXIS 93840, at *4 (N.D. Cal. July 3, 2013); *Ortega v. Heitkamp*, No. 2:11-cv-2735 GEB CKD, 2013 U.S. Dist. LEXIS 9246, at *3 (E.D. Cal. Jan. 23, 2013); *see also Smith v. Veterans Admin.*, 636 F.3d 1306, 1312 (10th Cir. 2011); *Rivera v. Allin*, 144 F.3d 719, 730-31 (11th Cir. 1998); *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995).

[2] A prisoner may not avoid incurring a strike simply by declining to take advantage of an opportunity to amend.  *Harris v. Mangum*, 863 F.3d 1133, 1142-1143 (9th Cir. 2017).

1    Further, because plaintiff has not paid the filing fee and is not eligible to proceed in forma

2    pauperis, it is RECOMMENDED that:

3        1.  Plaintiff's application to proceed in forma pauperis (ECF No. 2) be denied; and

4        2.  Plaintiff be ordered to pay the $402 filing fee within fourteen days from the date of any

5    order adopting these findings and recommendations and be warned that failure to do so will result

6    in the dismissal of this action.

7        These findings and recommendations are submitted to the United States District Judge

8    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

9    after being served with these findings and recommendations, any party may file written

10   objections with the court and serve a copy on all parties.  Such a document should be captioned

11   "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

12   within the specified time may waive the right to appeal the District Court's order.  *Turner v.*

13   *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

14

15   Dated:  February 6, 2023.

16                                 EDMUND F. BRENNAN
                                   UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28

                                          3